IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

Plaintiff

vs                                                    CRIMINAL 05-0007CCC

1) BOBBY CRUZ-CARRILLO
a/k/a Carlos, a/k/a Miguel Ortiz
2) JOSE MIGUEL ORTIZ-MORALES
a/k/a Juan Cintrón-López, a/k/a Gordo
3) JOSE RUIZ-DAVILA

Defendants

**O R D E R**

On May 5, 2005, defendant José Miguel Ortiz-Morales filed a Motion to Suppress (**docket entry 44**), which he then followed with a Supplemental Motion to Suppress filed on May 9, 2005 (**docket entry 49**) and an Amended Motion to Suppress filed on May 18, 2005 (**docket entry 51**).  The first two of these motions were joined by codefendants José Ruiz-Dávila on May 17, 2005 (**docket entry 50**) and Bobby Cruz-Carrillo on May 20, 2005 (**docket entry 55**).  The United States responded to the motions on May 19, 2006 (**docket entry 52**), to which defendant Ortíz-Morales replied on June 16, 2005 (**docket entry 62**).

The motions were referred to U.S. Magistrate-Judge Gustavo A. Gelpí for an evidentiary hearing and report and recommendation on June 10, 2005 (docket entry 59).  After holding hearings on July 11, 2005 (docket entry 70) and July 18, 2005 (docket entry 73), the Magistrate-Judge required the parties to file simultaneous briefs by August 10, 2005, which all did (see docket entries 82, 83 & 85).  On August 11, 2005, defendant Cruz-Carrillo then sought leave from the Magistrate-Judge to file another motion to suppress (**docket entry 91**), which the Magistrate-Judge allowed on August 16, 2005 (docket entry 98) and on which a hearing was held on August 24, 2005 (docket entry 107).  This motion was also joined by codefendants Ortíz-Morales (**docket entry 100**) and Ruiz-Dávila (**docket entry 102**).  After the hearing on this second suppression motion, the Magistrate-Judge permitted movant Cruz-

CRIMINAL 05-0007CCC                    2

Carrillo to file a supplemental brief (**docket entry 125**), which he did on November 14, 2005 (**docket entry 127**).

On December 28, 2005, Magistrate-Judge Gelpí issued a Report and Recommendation on the two suppression motions (**docket entry 133**), recommending that they be denied.  This Report was objected by defendants Ortiz-Morales on January 3, 2006 (**docket entry 134**) and Cruz-Carrillo on January 5, 2006 (**docket entry 135**), and their objections adopted by defendant Ruiz-Dávila on January 13, 2006 (**docket entry 136**).  After being required by the Court to respond (docket entry 139), the United States did as instructed on March 7, 2006 (**docket entry 142**).

The motion to suppress filed by defendant Ortiz-Morales seeks the elimination of weapons and cell phones seized after his arrest, while the motion to suppress filed by defendant Cruz-Carrillo seeks exclusion of a package of marihuana which was control-delivered to him.  The Magistrate-Judge found that the initial warrantless search of the marihuana package was legal as it had been abandoned at a private mail carrier's facilities, that the warrantless seizure of the car where the weapons were found was legal since the seizing agents had probable cause that it had been used to further a drug offense, and that the subsequent search of the car classified as an inventory search.  He concluded, in recommending that the motions be denied, that "the government may use at trial all evidence obtained during the arrests and search."  Report and Recommendation (docket entry 133), at p. 5.

The Court has reviewed the transcripts of the three hearings conducted before the Magistrate-Judge, the exhibits submitted, the various motions and the relevant case law.  Having done so, it hereby APPROVES and ADOPTS the Magistrate-Judge's Report and Recommendation.

While defendant Ortiz-Morales quarrels with the facts found established by the Magistrate-Judge because he apparently failed to give credence to a defense witness, the Magistrate-Judge acted well within his province in doing so.  The Magistrate-Judge presided over

CRIMINAL 05-0007CCC                              3

the hearings, and had the effective opportunity to observe the demeanor of each of the witnesses while they testified.  Based on his assessment, he concluded that the testimonies of the government's witnesses were entirely credible.  Relying on their testimonies, he then made factual findings, which our review of the transcripts of the three hearings conducted before him confirm were not mistaken.  We see no reason to intervene in his assessments of credibility. United States v. Raddatz, 447 U.S. 667, 676, n. 3, 100 S.Ct. 2406 (1980).

        The objections by Ortiz-Morales to the legal conclusions reached by the Magistrate-Judge are equally meritless.  His attack to the existence of probable cause to arrest him fails since it is based on his factual version of the events, which the Magistrate-Judge did not find proven.  His challenge to the seizure of the vehicle equally falters; as the Magistrate-Judge correctly determined, its association to the commission of a drug offense allowed its warrantless seizure following the valid arrest.  See 21 U.S.C. §881(a)(4) and 18 U.S.C. 981(b)(2)(B)(i).  Finally, his contention that the subsequent search was not an "inventory" because the agents failed to fill out the required forms fizzles, as the evidence presented during the hearing established that while the particular form customarily used by the Puerto Rico Police Department was not filled, task force agent José A. Cruz-Camacho did conduct an inventory search of the vehicle.[1]  "We will not hold that the officer's failure, technically, to follow the inventory form procedures for valuables meant it was not an inventory search."  United States v. Trullo, 790 F.2d 205, 206 (1st Cir. 1986).  In any event, following the initial search by task force agent Cruz-Camacho, agent Reldys Torres conducted another inventory search of the vehicle which has not been challenged here.  See Government's Exhibit 1.  Thus, even if the initial inventory search was constitutionally deficient, as defendant Ortiz-Morales avers, the subsequent, unchallenged inventory search would have resulted in the inevitable discovery of the items he now seeks to suppress.  United States v. Meada, 408 F.3d 14, 24, n.4 (1st Cir. 2005) ("The inevitable

---

[1] Agent Cruz-Camacho explained that he did not fill the Puerto Rico Police Department form because he understood that given the amount of drugs and the presence of firearms, the investigation was under federal jurisdiction.

CRIMINAL 05-0007CCC                          4

discovery doctrine permits the introduction of evidence obtained in an illegal search if such evidence would inevitably have been discovered through an independent legal search."

Defendant Cruz-Carrillo, in turn, has objected to the Magistrate-Judge's conclusion that the packages containing controlled substances were abandoned at the DHL shipment center in Orlando, based on the fact that the unidentified subject who intended to ship them filled out an inventory weight bill and an invoice.  It is not disputed, however, that said unidentified male never completed the shipping procedures, as he hastily abandoned DHL's facilities--and the packages--once the shipper's employee asked and obtained his consent to inspect the packages and started doing so.  Defendant failed to submit any evidence that the packages have ever been claimed by anybody.  Under the circumstances, the Magistrate-Judge's determination that the packages had been abandoned by its sender at the shipper's facility is not only logical but also supported by the record.

As Ortiz-Morales, Cruz-Carrillo also challenges the credibility of the government witnesses and the legality of the inventory search that followed the impoundment of the vehicle.  For the reasons already stated above, we dismiss these objections.  Finally, Cruz-Carrillo also challenges the existence of probable cause to arrest his co-defendants and to seize their vehicle.  In doing so, he has re-scripted, as co-defendant Ortiz-Morales attempted to do before him, the factual scenario found proven by the Magistrate-Judge and which lead to his legal conclusions. According to Cruz-Carrillo's version of the events, his co-defendants merely ran away from the scene where the controlled delivery was taking place, an act which he claims was insufficient to establish probable cause for their arrest.  Still, this is not the only conduct attributed to the co-defendants, as Cruz-Carrillo would want us to believe.  Ortiz-Morales was observed walking towards and talking to co-defendant Cruz-Carrillo, after the latter had received the marihuana packages.  He also had a gun in his waistband.  When the agents announced their presence, he ran to the car and fled.  Co-defendant Ruiz-Dávila was driving the car.  These series of events were enough to configure probable cause to arrest defendants Ortíz-Morales and Ruiz-Dávila.

CRIMINAL 05-0007CCC                               5

Defendants' arrest for their participation in a drug offense also gave the agents probable cause to seize the car for being used to further said offense.  In sum, Cruz-Carrillo's objections also fail.

We need not go further.  As we had advanced above, the Magistrate-Judge's Report and Recommendation is APPROVED and ADOPTED.  Consequently, defendants' motions to suppress (**docket entries 44, 49, 51 & 91**) are DENIED.

The case will be reset for trial by separate Order.

SO ORDERED.

At San Juan, Puerto Rico, on April 24, 2006.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge